CURRAN v. NEW YORK CENT. & H. R. R. CO.　DONOVAN v. SAME.
LANNON v. SAME.

(Supreme Court, Appellate Term.　March 5, 1900.)

NEGLIGENCE—LIABILITY—PERSON INJURED—DANGER—KNOWLEDGE.
　　Where plaintiff was injured by handling soda not belonging to him, which he knew was wet, and would burn the flesh it touched, he could not recover for injuries resulting on the ground of defendant's negligence in allowing the soda to get wet.

Appeal from municipal court, borough of Manhattan, Second district.

Actions by William Curran, Jeremiah Donovan, and William Lannon against New York Central & Hudson River Railroad Company. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

C. C. Paulding, for appellant.

M. Greenberg, for respondent.

PER CURIAM.　If the defendant was negligent in allowing the soda to get wet, it was negligence of which the plaintiffs had no right to complain.　It was not their soda.　The evidence and admissions show that the plaintiffs knew that the soda was wet, and that soda, when wet, would burn human flesh, if it touched the flesh. Knowing this, plaintiffs should have handled the soda more carefully than they did.　Their carelessness brought about their injuries.

Judgment reversed and new trial ordered in the municipal court in the district in which the action was brought, with costs to appellant to abide event.

SCOTT, J., concurs in result.